MEMORANDUM **
Parrish Bowen appeals from the denial of his motion to suppress evidence after having entered a conditional guilty plea to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291.
We remand for an evidentiary hearing so that the district court may consider whether Bowen was detained after the purposes of the traffic stop had been effectuated, and if so, whether the continued *156 detention was supported by reasonable suspicion. See United States v. Chavez-Valenzuela, 268 F.3d 719, 723-26 (9th Cir. 2001), os amended by 279 F.3d 1062 (9th Cir.2002) (intial traffic stop was supported by reasonable suspicion, but questioning about drugs was not). If the prolonged detention was not supported by reasonable suspicion, the district court shall consider whether subsequent events purged the taint of the illegality. See id., 268 F.3d at 727-28 (“evidence obtained subsequent to an illegal investigation is tainted by the illegality and thus inadmissable, notwithstanding the suspect’s consent, unless subsequent events have purged the taint”).
If the district court, on remand, grants the motion to suppress, the district court shall vacate the conviction and conduct further proceedings.
REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.