**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Parrish BOWEN, Defendant–Appellant.**

**No. 07–10209.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2008.

Decided May 19, 2008.

Thomas S. Dougherty, Esq., USLV–Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

Michael V. Cristalli, Esq., Cristalli & Saggese, Las Vegas, NV, for Defendant–Appellant.

Before: HUG, KLEINFELD, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

The district court, upon remand from this court for an evidentiary hearing, *see United States v. Bowen,* 175 Fed.Appx. 155–56 (9th Cir.2006), adopted the magistrate judge's findings and denied Parrish Bowen's ("Bowen") motions to suppress both physical and testimonial evidence. Bowen appeals the district court's denial of his motions to suppress after having entered a conditional guilty plea to posses-

by 9th Cir. R. 36–3.

sion with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1)–(b)(1)(A)(ii). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denials of the motions to suppress de novo, and the factual findings underlying its rulings for clear error. *United States v. Miranda–Guerena,* 445 F.3d 1233, 1236 (9th Cir.2006). We affirm.

Bowen contends that the district court erred in denying the motions to suppress. We disagree. The record supports the district court's conclusion that the initial traffic stop was lawful. *See Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *United States v. Willis,* 431 F.3d 709, 715 (9th Cir.2005). Police may detain a stopped motorist, consistent with the Fourth Amendment, while they conduct a records check. *See United States v. Diaz–Castaneda,* 494 F.3d 1146, 1153 n. 2 (9th Cir.2007); *United States v. Mendez,* 476 F.3d 1077, 1080 (9th Cir. 2007). Questioning alone does not rise to the level of a Fourth Amendment seizure, and questioning unrelated to the purposes of the traffic stop does not render the stop unlawful unless it prolongs the stop beyond what is necessary to effectuate its purposes. *Mendez,* 476 F.3d at 1080 (citing *Muehler v. Mena,* 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005)); *see also United States v. Turvin,* 517 F.3d 1097, 1099, 1102 (9th Cir.2008). In light of the totality of the circumstances, including the return to Bowen of his paperwork immediately after the trooper received information from dispatch and the trooper's indication to Bowen that he was free to go, the length of the detention for the traffic violation was reasonable. *See Ohio v. Robinette,* 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996).

Bowen argues that the trooper had no reasonable suspicion and thus should not have continued questioning him after telling him that he was free to leave. We disagree. The totality of the circumstances of this case demonstrate that the trooper had a particularized and objective basis for suspecting legal wrongdoing. *See United States v. Arvizu,* 534 U.S. 266, 273–74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). The trooper therefore had the reasonable suspicion required to further ask Bowen, after the purposes of the traffic stop had been effectuated, if he would consent to the search of his vehicle.

Bowen argues that he did not validly consent to the trooper's search of his vehicle. We disagree. Based on the totality of the circumstances surrounding the consent, the consent to search was voluntary. *See United States v. Castillo,* 866 F.2d 1071, 1082 (9th Cir.1988). Though we do not find an illegal seizure in these circumstances, Bowen's voluntary consent would also purge the taint of any alleged illegal seizure. *See United States v. Washington,* 490 F.3d 765, 776 (9th Cir.2007). The trooper told Bowen that he was free to leave, and that he was free to not consent to the search, which amounted to the presence of intervening circumstances. *See id.* at 776. Bowen's signing of the consent to search form was therefore a sufficient act of free will that would have purged the taint of any existing illegality. *See id.* at 774.

**AFFIRMED.**